Per Curiam.
The action was for loss of service, &c., caused as alleged by the negligence of defendant’s servant in allowing a heavy piece of ice to fall from one of defendant’s ice-wagons, upon plaintiff’s son, thereby wounding him and requiring plaintiff to procure medical attendance, &c. There was some proof or presumption of negligence in not loading the cart so that the ice should not fall.
At the end of plaintiff’s testimony, the defendant asked the court to direct a verdict in its favor, on the ground that no negligence had been shown on the part of the defendant or its servants. If the cart from which the ice fell were the property of defendant, there was sufficient evidence of negligence in allowing the ice to fall. If the name of defendant were on the ice-cart, *122 there was evidence as to the ownership of the cart being in defendant. It appears that the judge assumed that there was evidence on the second point. The testimony proved that upon the cart were the words “Brewery Ice Wagon, No.'l,” and it is apparent that the judge believed that the witness to this had given the name of the defendant. The judge told the defendant’s counsel on the trial that he might go to the jury if he pleased, but this he declined. The counsel must have perceived that the judge was under a misapprehension as to the exact words upon the cart, and should then have given the exact ground of the motion, or have gone to the jury:
Judgment affirmed, with costs.